```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

AMERICAN MINING INSURANCE COMPANY, INC.,

      Plaintiff,

v.                                              Civil No. 16-3626

ROCK "N" ROLL COAL COMPANY, INC.,
DAVID CLINE, and
MYRTLE D. CORPORATION,
a West Virginia corporation,

      Defendants.


## MEMORANDUM OPINION AND ORDER

Pending are plaintiff's Motion for Default Judgment Against Defendant Myrtle D. Corporation, filed July 19, 2016 (ECF No. 12), defendants Rock "N" Roll Coal Company, Inc., and David Cline's Motion to Defer Entry of Judgment Against Myrtle D. Corporation, filed August 10, 2016 (ECF No. 18), and plaintiff's Motion for Oral Argument, filed February 20, 2017 (ECF No. 30).

This case is a declaratory judgment action brought by plaintiff American Mining Insurance Company, Inc.  The complaint asks the court to find that none of the six policies issued by plaintiff to defendant Rock "N" Roll Coal Company, Inc., ("Rock 'N' Roll") cover the claims or counterclaims alleged in a state

1

suit initiated by defendant Myrtle D. Corporation ("Myrtle D.") against Rock "N" Roll and David Cline.

Myrtle D. filed its state court complaint against Rock "N" Roll and David Cline, President of Rock "N" Roll, on October 13, 2015, alleging that Rock "N" Roll failed to make certain royalty payments. Shortly thereafter, Rock "N" Roll and Cline filed a counterclaim against Myrtle D. alleging conspiracy, slander of title, public disclosure of private facts, negligence, and breach of a lease agreement. Myrtle D. responded with its own counterclaim alleging that Cline and Rock "N" Roll were contractually obligated to name Myrtle D. as an additional insured in their policies and to indemnify and defend Myrtle D. for claims arising out of Rock "N" Roll's coal mining operations. The state court dismissed Myrtle D.'s complaint on June 6, 2016, on Myrtle D.'s motion, leaving only the Rock "N" Roll and David Cline counterclaim and the Myrtle D. counterclaim in that case. Myrtle D. is named as an additional insured on five of plaintiff's six insurance policies with Rock "N" Roll, generating plaintiff's coverage obligations to Myrtle D., Rock "N" Roll, and David Cline.

Plaintiff's motion contends that entry of judgment against defendant Myrtle D. is appropriate under Rule 55(b)(2)

2

of the Federal Rules of Civil Procedure because Myrtle D. has failed to otherwise plead or defend in this action. Myrtle D. was served in this action with the summons and the complaint on May 17, 2016, as shown by the proof of service filed by the West Virginia Secretary of State on May 23, 2016, but it never answered the complaint or filed a notice of appearance in this case. Plaintiff also argues that the declaratory relief it seeks is proper on the merits. The motion by Rock "N" Roll and Cline does not directly respond to plaintiff's motion but instead moves to defer entry of default judgment against Myrtle D. under Rule 54(b), which allows the court to enter final judgment against one party in a multiparty suit "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).[1]

    Rule 54(b) applies in the Fourth Circuit to situations in which a plaintiff alleges either joint or several liability of co-defendants, especially when there are overlapping issues. See <u>United States for Use of Hudson v. Peerless Ins. Co.</u>, 374

---

[1] The Rule goes on to provide that "[o]therwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

F.2d 942, 944 (4th Cir. 1967).  Our Court of Appeals has suggested that delay is particularly justified when, inter alia, a co-defendant may be prejudiced by dismissal, a co-defendant objects to dismissal, there are overlapping claims or issues to be resolved, or there are outstanding motions.  Equip. Fin. Grp., Inc. v. Traverse Computer Brokers, 973 F.2d 345, 348 (4th Cir. 1992).  In a situation closely analogous to this one, one district court in this circuit expressly found that "[t]he avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide 'just reason.'"  Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 F.R.D. 580, 582 (E.D. Va. 2000) (default judgment against one co-defendant inappropriate when other co-defendant objected and theories against each co-defendant were similar).  A district court is allowed to "exercise its discretion in certifying partial judgments in consideration of 'judicial administrative interest' — including 'the historic federal policy against piecemeal appeals' — and 'the equities involved.'"  Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777–78 (11th Cir. 2007) (some quotation marks omitted) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)).

In this case, plaintiff lays out what it contends is

4

the correct interpretation of its insurance policies – policies that are dispositive of the case against each co-defendant, including the two non-defaulting co-defendants. Because plaintiff's claims against different co-defendants each involve the same insurance policies, litigation against the non-defaulting co-defendants will inevitably require interpreting those policies and the issues to which they give rise. As such, entry of final judgment now against Myrtle D. would preempt full discovery on issues relevant to coverage and may lead to inconsistent judgments among the defendants. Furthermore, the conditions noted by the Fourth Circuit in Equipment Finance Group, including prejudice to a co-defendant, objections by a co-defendant, overlapping issues, and pending motions, recommend against entering default judgment against Myrtle D. at this juncture. 973 F.2d at 348.[2]

---

[2] Plaintiff identifies cases in which default judgments have been entered against unresponsive parties in declaratory judgment actions. See Pl.'s Resp. to Defs.' Mot. to Defer J. Against Myrtle D. Corp. 3. Simply put, none of those cases involved objecting co-defendants or overlapping issues that might have resulted in the issuance of inconsistent judgments. See, e.g., Crum v. Canopius US Ins. Inc., No. 2:14-CV-24861, 2015 WL 4772466, at *1 (S.D.W. Va. Aug. 12, 2015); State Auto Prop. & Cas. Ins. Co. v. Fas Chek Enters., Inc., No. 2:15-CV-00809, 2015 WL 1894011, at *1 (S.D.W. Va. Apr. 27, 2015). Indeed, Fas Chek actually bolsters defendants' argument that when co-defendants object because of overlapping issues there is just reason to delay entry of default judgment. 2015 WL 1894011, at *2 ("Generally, I decline to enter default judgment in such cases

Plaintiff emphasizes that "out of an abundance of caution, [plaintiff] agreed to provide Myrtle D. with a defense [in the state court action], under a reservation of rights," beginning on April 12, 2016. Pl.'s Resp. to Defs.' Mot. to Defer J. Against Myrtle D. Corp. 2. Indeed, in an ordinary case involving only two parties, the costs of a related defense would counsel in favor of a default judgment against a non-responsive party declaring there is no duty to defend that party. Here, however, this factor must be balanced against the risk of inconsistent or factually underdeveloped default judgments as well as the pecuniary interests of co-defendants David Cline and Rock "N" Roll in establishing coverage.

Other courts have found that withholding entry of default judgment is proper even when an insurer-plaintiff is involved in ongoing representation of a co-defendant in another action. For example, in <u>Security Insurance Co. of Hartford v. Schipporeit, Inc.</u>, the plaintiff insurer, Security, represented Schipporeit, Inc., under a reservation of rights in a state court action brought by LaSalle Street Church. 69 F.3d 1377, 1380 (7th Cir. 1995). Plaintiff moved for entry of a default judgment declaring non-coverage against Schipporeit, Inc., for

---

when the nonmoving party has demonstrated opposition to it in some manner.").

6

failure to appear in federal court.  Id.  The district court denied the motion for default judgment despite the costs incurred by plaintiff's ongoing representation of Schipporeit because a similarly situated non-party, LaSalle, moved to intervene.  Id.  The Seventh Circuit upheld the denial, noting that

> Security opposed LaSalle's petition to intervene because it wanted a quick, unopposed adjudication that it had no obligation to defend or indemnify Schipporeit. And Security, it seems, was on the verge of obtaining that result. It wanted to play the Washington Generals and get out of town with a quick win. The district court wisely allowed a more worthy opponent to get into and onto the court.

Id. at 1381.[3]  Although Schipporeit involved an intervenor rather

---

[3] The Seventh Circuit went on to note the policy ramifications of entering a default judgment in such a situation:
> If the district court had denied intervention, Security would probably have won, by default, a judgment that it had no duty to defend or indemnify Schipporeit for LaSalle's claims. From the record, it seems probable that Schipporeit would not have defended against LaSalle in the state court action. LaSalle could then have sought, and probably obtained, a default judgment in its state court action. With that judgment in hand, LaSalle could have sought to intervene in federal court and have Security's default judgment set aside. If LaSalle won a declaration of coverage, Security would then have had grounds to seek to set aside the state court default judgment against Schipporeit. Judge Zagel skillfully avoided this sort of endless, circular, and unnecessary litigation. Intervention enabled the court to address important issues in this case once, with fairness and finality.

Schipporeit, 69 F.3d at 1381.

than a co-defendant, the principles and policy rationales enunciated by the Seventh Circuit are applicable here.

In another case, Global Aerospace, Inc. v. Platinum Jet Management, LLC, et al., an insurance company plaintiff moved for default judgment against a non-responsive corporate defendant in a suit arising out of a plane crash. No. 09-60756-CIV, 2009 WL 3400519, at *5 (S.D. Fla. Oct. 20, 2009). Plaintiff was defending the other individual co-defendants in various criminal proceedings arising out of the crash. The court noted that plaintiff had not shown that entering declaratory relief would "no longer run the risk of being inconsistent with rulings in favor of some of the Individual Defendants," although it did observe that it would consider "at any point" information showing that the co-defendants' claims were sufficiently distinct for default judgment to be entered. Id. at *6. Similarly, plaintiff here has not shown that there is no risk of inconsistent rulings among the co-defendants, and the fact that it has agreed to provide a defense for Myrtle D. does not negate that risk.

These cases together suggest that the incurrence of defense costs by an insurer in a related case does not by itself justify the entry of default judgment against a non-responsive

8

co-defendant where there is a risk of inconsistent judgments and underdeveloped factual premises.  Consequently, and in light of the pending motion for summary judgment in this case, there is just reason to delay entry of default judgment against Myrtle D. under Rule 54(b).  Accordingly, the court will not enter default judgment under Rule 55(b) at this time.  The court will, however, consider information demonstrating that no "overlapping claims or issues" remain at any point it becomes available.

It is therefore ORDERED that plaintiff's Motion for Default Judgment Against Myrtle D. Corporation be, and it hereby is, denied.  In addition, it is ORDERED that defendants Rock "N" Roll Coal Company, Inc., and David Cline's Motion to Defer Entry of Judgment Against Myrtle D. Corporation be, and it hereby is, granted.  Plaintiff's Motion for Oral Argument is denied as moot.

The Clerk is requested to transmit this order to all counsel of record and any unrepresented parties.

ENTER: March 24, 2017

John T. Copenhaver, Jr.
United States District Judge