UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**AMERICAN MINING INSURANCE COMPANY, INC.,**

    Plaintiff,

v.                                                                                       Civil No. 16-3626

**ROCK "N" ROLL COAL COMPANY, INC.,
DAVID CLINE, and
MYRTLE D. CORPORATION,**
a West Virginia corporation,

    Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's Motion for Summary Judgment Against Defendants Rock "N" Roll Coal Company, Inc. and David Cline, filed September 8, 2016 (ECF No. 23).

### I. Facts and Procedural History

This case involves the interpretation of insurance contracts in a declaratory judgment action brought under diversity jurisdiction by plaintiff American Mining Insurance Company, Inc. ("American Mining"), on April 13, 2016. Plaintiff provided insurance coverage to defendant Rock "N" Roll Coal Company, Inc. ("Rock 'N' Roll"), in the form of six annual commercial general liability policies issued in West Virginia over the course of six years. David Cline, as an executive

1

officer of Rock "N" Roll, is an insured under those same policies. Plaintiff's complaint (the "complaint") alleges that those policies (the "policies") do not cover the claims or counterclaims alleged in a state suit initiated by co-defendant Myrtle D. Corporation ("Myrtle D.") against Rock "N" Roll and David Cline (herein, "defendants") in the Circuit Court of McDowell County, West Virginia.[1] The complaint in this action sets forth the relevant policy language, which is the same for each policy in all material respects. <u>Compare</u> Compl. ¶ 26 (ECF No. 1) (hereinafter "Federal Compl.") <u>with</u> Pl.'s Mot. for Default J. Ex. 1 (ECF No. 13) (hereinafter "Policies").

Myrtle D., as lessor, filed its state court complaint ("State Complaint") against its lessee, Rock "N" Roll, and David Cline, President of Rock "N" Roll, on October 13, 2015, alleging that Rock "N" Roll and Cline failed to make certain royalty payments. Shortly thereafter, Rock "N" Roll and Cline filed a

---

[1] Myrtle D., the third defendant in this case, was served in this action with the summons and the complaint on May 17, 2016, but it never answered the complaint or filed a notice of appearance. Accordingly, the District Clerk entered a default against Myrtle D. on July 14, 2016. On motion by the remaining defendants, the court deferred entry of default judgment against Myrtle D. on March 24, 2017, because entry of a default judgment might have risked inconsistent judgments between the defendants or pretermitted factual development in this case. <u>See</u> March 24, 2017 Mem. Op. and Order (hereinafter "March 24 Op.").

counterclaim against Myrtle D. alleging conspiracy, slander of title, public disclosure of private facts, negligence, and breach of a lease agreement. Myrtle D. responded with its own counterclaim ("Myrtle Counterclaim") alleging that Rock "N" Roll and Cline were contractually obligated to name Myrtle D. as an additional insured in their policies and to indemnify and defend Myrtle D. for claims arising out of Rock "N" Roll's coal mining operations. The state court dismissed the State Complaint with prejudice on June 29, 2016, on Myrtle D.'s own motion, leaving only the Rock "N" Roll and David Cline counterclaim and the Myrtle Counterclaim in the state court case.

The Myrtle Counterclaim alleges that Rock "N" Roll and David Cline breached a license agreement between Myrtle D. and Rock "N" Roll in a variety of ways. Ans. to Countercl. and Countercl. Against Rock "N" Roll Coal Company, Inc., and David Cline, "Counterclaim" ¶¶ 2-3 (ECF No. 1-3) (hereinafter "Myrtle Countercl."). In particular, it asserts that

> [p]ursuant to the License Agreement, Defendant Rock N Roll Coal Co., Inc. and David Cline, as the signatory thereto on behalf of Rock N Roll Coal Co., Inc., are contractually obligated to indemnify and save harmless Myrtle D., its officers and employees, and their affiliates, from and against any and all claims, demands, suits, loss, damage, injury (including death) to persons and property and expense . . . whatsoever that may result from or arise of out [sic] Rock N Roll Coal Co., Inc.'s mining operations.

Myrtle Countercl., "Counterclaim" ¶6. It further alleges a breach of contract claim, to wit, that Rock "N" Roll and David Cline "have breached their contractual obligations by failing to indemnify, save harmless, defend, and pay all attorney's fees and legal expenses to which Myrtle D. has been and continues to be exposed by [Rock 'N' Roll and Cline's] Counterclaim." <u>Id.</u>, "Counterclaim" ¶ 13. Plaintiff American Mining endeavors to obtain a declaration that such a breach is not covered under its insurance policies. <u>See</u> Pl.'s Mem. in Supp. of Summ. J. 11 (ECF No. 24) (hereinafter "Mot. for Summ. J.")

Plaintiff filed this federal declaratory judgment action seeking a declaration that its insurance policies do not cover the claims and counterclaims in the underlying state case. The complaint consists of six counts, of which Counts I and II are relevant here. These counts effectively presage the same arguments raised in American Mining's motion for summary judgment currently under consideration. Count I alleges that Myrtle D.'s claims of breach of contract in the Myrtle Counterclaim and all counts of the State Complaint are not covered by the policy language because such breaches were not "accidents" and therefore not "occurrences" as defined by the policies. Federal Compl. ¶¶ 29-32. Count II alleges that the policies' "Contractual Liability" exclusion excludes the Myrtle

Counterclaim and Count I of the now dismissed State Complaint from coverage. Id. ¶ 36.

Plaintiff's policies provide commercial general liability coverage to Rock "N" Roll. In pertinent part, the policies' express terms cover only "damages because of 'bodily injury' or 'property damage,'" and only if the bodily injury or property damage "is caused by an 'occurrence' that takes place in the 'coverage territory.'" See, e.g., Policies 9, 177. An "occurrence" is defined in the policies as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Policies 20. As to David Cline, plaintiff correctly notes that Cline, as an executive officer of Rock "N" Roll, is an insured under the terms of the policies. See Policies 15; Mot. for Summ. J. 8. Specifically, each of the policies states that "[y]our 'executive officers' and directors are insureds, but only with respect to their duties as your officers and directors." See, e.g., Policies 15, 183. Consequently, plaintiff's arguments against coverage apply equally to both Rock "N" Roll and Cline.

Plaintiff moved for summary judgment on September 9, 2016. In its memorandum, plaintiff posits that none of the claims by Myrtle D. against the defendants in the underlying Myrtle Counterclaim fall within the ambit of plaintiff's

5

policies.  In particular, plaintiff contends that the claims of the Myrtle Counterclaim sound in breach of contract and, consequently, that those claims both fail to come within the policies' coverage for "occurrences" and are excluded by the policies' "Contractual Liability" exclusion.  Rock "N" Roll and David Cline respond that their claims in the state case are not premised solely on breach of contract.

## II.  Discussion

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those necessary to establish the elements of a party's cause of action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant.  Id.  The moving party has the burden of showing - "that is, pointing out to the district court - that there is an absence of evidence to

support the nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); <u>id.</u> at 322-23.

A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991). Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. <u>Anderson</u>, 477 U.S. at 248. A court must neither resolve disputed facts nor weigh the evidence, <u>Russell v. Microdyne Corp.</u>, 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility, <u>Sosebee v. Murphy</u>, 797 F.2d 179, 182 (4th Cir. 1986). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

Where, as here, jurisdiction lies in federal diversity of parties, a court must apply the rules of the forum state when interpreting contracts. <u>Mulvey Const., Inc. v. Bituminous Cas.</u>

Corp., 571 F. App'x 150, 154 (4th Cir. 2014). West Virginia law holds that the law of the state where an insurance contract was formed governs disputes over that contract. Joy Techs., Inc. v. Liberty Mut. Ins. Co., 187 W. Va. 742, 745, 421 S.E.2d 493, 496 (1992). Plaintiff's federal complaint proffers that these policies were formed in West Virginia, and defendants do not contest this point. Federal Compl. ¶¶ 5-6. See also Policies 1.

West Virginia law is clear on the favored approach to the interpretation of insurance contracts. The Supreme Court of Appeals of West Virginia has held that where facts surrounding an insurance contract are not in dispute, "determination of the proper coverage [under that contract] . . . is a question of law." Tennant v. Smallwood, 211 W. Va. 703, 706, 568 S.E.2d 10, 13 (2002) (citations and quotations marks omitted). Further, "[w]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." Keffer v. Prudential Ins. Co. of Am., 153 W. Va. 813, 813, 172 S.E.2d 714, 714 (1970). Conversely, a provision is only ambiguous when it is "reasonably susceptible of two different meanings or of such doubtful meaning that reasonable minds might be uncertain or disagree as

to its meaning." Glen Falls Ins. Co. v. Smith, 217 W. Va. 213, 221, 617 S.E.2d 760, 768 (2005) (emphasis removed). Finally, an insurer's duty to a defendant is generally broader than its obligation to provide coverage, but the duty to defend arises only when the applicable policy is "reasonably susceptible of an interpretation that the claim may be covered by [the policy's] terms." Horace Mann Ins. Co. v. Leeber, 180 W. Va. 375, 378, 376 S.E.2d 581, 584 (1988).

As a threshold matter, the court notes that the state court dismissed the State Complaint with prejudice on June 29, 2016, on Myrtle D.'s own motion. See Dismissal Order (ECF No. 18-1). Under Article III, Section 2, of the Constitution, federal courts may only adjudicate "actual controversies . . . extant at all stages of review." Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013) (quotations marks omitted). "Even in order to pursue declaratory and injunctive claims," plaintiff must establish that it has a "specific live grievance" at each stage of review. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 479 (1990) (quotations marks omitted). With the dismissal of the State Complaint, plaintiff no longer has a live grievance regarding that pleading for which the court can grant relief. Consequently, plaintiff's request for declaratory relief regarding Myrtle D.'s claims in its State Complaint is

moot.

Furthermore, the policy language in this case is clear and unambiguous, and it does not require plaintiff to defend or indemnify Rock "N" Roll and Cline for the claims that Myrtle D. has raised against them in its counterclaim in the underlying state action. As plaintiff aptly contends, Myrtle D.'s claims do not fall within the meaning of an insured "occurrence." The policies' express terms cover only "damages because of 'bodily injury' or 'property damage,'" and only if the bodily injury or property damage "is caused by an 'occurrence' that takes place in the 'coverage territory.'" See, e.g., Policies 9, 177. An "occurrence" is defined in the policies as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." See, e.g., Policies 20. Plaintiff contends that the claims in the Myrtle Counterclaim are breaches of contract that do not fall within the meaning of an occurrence.

West Virginia law instructs that "an insurer has a duty to defend an action against its insured only if the claim stated in the underlying complaint could, without amendment, impose liability for risks the policy covers." State Auto. Mut. Ins. Co. v. Alpha Eng'g Servs., Inc., 208 W. Va. 713, 716, 542 S.E.2d 876, 879 (2000) (noting also that "[i]f the causes of

10

action alleged in the plaintiff's complaint are entirely foreign to the risks covered by the insurance policy, then the insurance company is relieved of its duties under the policy"). Importantly, the West Virginia Supreme Court of Appeals has expressly found that a breach of contract – even one that causes "bodily injury" or "property damage" – "is not an event that occurs by chance or arises from unknown causes, and, therefore, is not an 'occurrence.'" State Bancorp, Inc. v. U.S. Fid. & Guar. Ins. Co., 199 W. Va. 99, 105, 483 S.E.2d 228, 234 (1997). See also State ex rel. Nationwide Mut. Ins. Co. v. Wilson, 236 W. Va. 228, 235, 778 S.E.2d 677, 684 (2015) ("[T]o the extent that the amended complaint alleged that actions [of the underlying defendant] were intentional misconduct or purely breach of contract, his actions are not 'occurrences' as defined by Nationwide's CGL policy and do not trigger coverage."). In fact, the definition of "occurrence" in the policy at issue in Bancorp mirrors the definition here verbatim. See 199 W. Va. at 104, 483 S.E.2d at 232.

Only the Myrtle Counterclaim remains at issue in plaintiff's federal complaint for declaratory judgment.[2] The Myrtle Counterclaim alleges, in essence, that Rock "N" Roll and

---

[2] Myrtle D. has defaulted on plaintiff's claim in this action that it has no duty to indemnify or defend Myrtle D. as to the counterclaim against Myrtle D.

David Cline "have breached their contractual obligations by failing to indemnify, save harmless, defend, and pay all attorney's fees and legal expenses to which Myrtle D. has been and continues to be exposed." Myrtle Countercl., "Counterclaim" ¶ 13. Rock "N" Roll and David Cline appear to concede that the claims in the Myrtle Counterclaim fall outside the meaning of an "occurrence". See Resp. 5-7. They provide no response to American Mining's contention that the Myrtle Counterclaim is therefore not covered by the policies. Id. Neither do they dispute the facts surrounding the formation or meaning of the contract. Undoubtedly, interpreting a breach of contract to fall within the meaning of an "occurrence" would contravene otherwise perspicuous West Virginia law. Bancorp, 199 W. Va. at 105, 483 S.E.2d at 234. Because the claims in the Myrtle Counterclaim unambiguously allege only breach of contract claims, no coverage is available to Rock "N" Roll and David Cline under the policies for those claims.[3]

Consequently, the court finds that there is no genuine issue of material fact with respect to any of Myrtle D.'s claims against Rock "N" Roll and David Cline in the state court case.

---

[3] Because West Virginia law is clear regarding the meaning of "occurrences," the court does not need to reach the plaintiff's alternative argument that the breach of contract claims are excluded by the "Contractual Liability" exclusion. Cf. Mot. for Summ. J. 12.

Plaintiff American Mining is entitled to summary judgment and a declaration that plaintiff is not required to defend or indemnify any of the claims by Myrtle D. against Rock "N" Roll and David Cline in the state litigation.

Furthermore, on March 24, 2017, this court deferred entry of default judgment against Myrtle D. in order to mitigate the risk of inconsistent judgments and underdeveloped factual premises while the other two defendants remained in this litigation. <u>See</u> March 24 Op. Now that the court has found in favor of plaintiff with respect to those two defendants, no further reason to delay default judgment against Myrtle D. remains. Accordingly, the court will also enter default judgment against the remaining defendant, Myrtle D. Corporation.

### III. <u>Conclusion</u>

For the foregoing reasons, it is ORDERED that plaintiff's Motion for Summary Judgment Against Defendants Rock "N" Roll Coal Company, Inc. and David Cline be, and it hereby is, granted.

It is FURTHER ORDERED that default judgment be, and it hereby is, entered against Myrtle D. Corporation.

The Clerk is requested to transmit this order to all counsel of record and any unrepresented parties.

ENTER: April 25, 2017

John T. Copenhaver, Jr.
United States District Judge